IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

VALENTINA CHITTENDEN                                                                           PLAINTIFF

      v.                                          2:14-cv-02237-TLB-BAB

CAROLYN W. COLVIN, Acting Commissioner
Social Security Administration                                                                DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Valentina Chittenden, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for a period of disability, and disability insurance benefits ("DIB") under the provisions of Title II of the Social Security Act ("Act"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy Brooks referred this case to the undersigned for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

**I.      Background:**

Plaintiff protectively filed her application for DIB on July 10, 2012, alleging an onset date of August 4, 2011, due to chronic migraines, diabetic neuropathy, arm and back problems, dizziness, depression, anxiety, and memory problems. (Tr. 33, 208). For DIB purposes, Plaintiff retains insured status through December 31, 2017. (Tr. 35, Finding 1). Plaintiff's applications were denied initially and on reconsideration. An administrative hearing was held on June 25, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 60-89). A vocational expert ("VE") was also present and testified.

On August 8, 2013, the Administrative Law Judge ("ALJ") entered an unfavorable decision. (Tr. 33-44). In this decision, the ALJ found Plaintiff suffered from migraine headaches and diabetes mellitus, but Plaintiff had no impairment or combination of impairments significantly limiting her ability to perform basic work activities. (Tr. 35-42, Finding 4). The ALJ then concluded Plaintiff was not disabled. (Tr. 42, Finding 6).

On August 28, 2013, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision, which denied the request on September 18, 2014. (Tr. 1-4). On November 10, 2014, Plaintiff filed the present appeal. (ECF No. 1). Both Parties have filed appeal briefs, and the case is ready for report and recommendation. (ECF Nos. 8, 9).

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough a reasonable mind would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record to support a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

To determine whether a claimant suffers from a disability, the Commissioner uses a five-step sequential evaluation. She determines: (1) whether the claimant is presently engaged in a substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform her PRW; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform. 20 C.F.R. §§ 404.1520(a)-(f); *Cox*, 160 F.3d at 1206. The fact finder only considers Plaintiff's age, education, and work experience in light of her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

**III.   Discussion**:

Plaintiff believes the ALJ erred by: (1) failing to adequately develop the record; (2) not finding one of her impairments was severe; (3) discounting her subjective complaints; and (4) not affording sufficient weight to the opinion of her treating neurologist. (ECF No. 9 at 9-17).

At the hearing, Plaintiff presented evidence of several conditions including diabetic neuropathy, a temporomandibular joint condition, right arm problems, and chronic migraine headaches. The ALJ stopped his analysis at step two after finding Plaintiff did not suffer from a severe impairment.

The ALJ's conclusion Plaintiff's post-concussion migraines were not a severe impairment

was not supported by substantial evidence. A claimant suffers from a severe impairment if the impairment is more than slight and it affects the claimant's ability to complete her basic work activities. *See Householder v. Bowen*, 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "slight abnormalities that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert*, 482 U.S. 137, 155 (1987) (O'Connor, S., concurring); *see also Brown v. Bowen*, 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*); *Kirby v. Astrue*, 500 F.3d 705, 707-09 (8th Cir. 2007).

The standard for determining whether a claimant suffers from a severe impairment is low. *See Nicola v. Astrue*, 480 F.3d 885, 887 (8th Cir. 2007). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *Id*.

Plaintiff suffered a workplace accident on August 4, 2011, when she was struck in the head by a large piece of metal. (Tr. 274). At the ER, she was initially diagnosed with a mild concussion. (Tr. 282). She returned to the ER on August 9, 2001, and was diagnosed with post-concussion syndrome and prescribed medications for nausea and dizziness. (Tr. 287). In August 2011, her treating physician, Dr. Roxanne Marshall, noted Plaintiff had blurred vision and a staggering gait and gave Plaintiff a temporary work release. (Tr. 309-310).

By August 29, 2011, Plaintiff was still having headaches, but was released to "sitting duty" by Dr. Marshall. (Tr. 308). At a follow-up in September 2011, Plaintiff was released to work without restrictions since her CT scans were negative even though her headaches continued. (Tr. 209, 306-307, 322-333). Her attempt to return to work was unsuccessful, and Plaintiff continued to have headaches and concussion symptoms. In October 2011, Dr. Marshall referred Plaintiff to

a neurologist. (Tr. 304).

Plaintiff established care with Dr. William Knubley, a neurologist, who noted her persistent concussion symptoms, such as feeling lightheaded, losing balance, arm pain, and migraines. (Tr. 335). Dr. Knubley diagnosed "post-traumatic headache disorder with migrainous features," but determined she did not have any neurological deficits and initially recommended only observation. (Tr. 335-338). In March 2012, an MRI of Plaintiff's brain was normal, but she was still having "persistent right hemi cranial daily pain . . . punctuated by . . . headaches throughout the week, " (Tr. 333,341). Dr. Knubley prescribed Topamax, occipital nerve injections, and Cambia, but Plaintiff continued to report daily headaches lasting 8 to 10 hours with only temporary relief from her medications. (Tr. 330, 362, 364). Dr. Knubley submitted a headache questionnaire in August 2012, which stated Plaintiff's response to medications had been poor, and he opined Plaintiff's migraines interfered with her ability to work. (Tr. 359).

Follow-up notes from October 2012 indicate Plaintiff's condition had not improved after Depacon infusions, and Dr. Knubley prescribed Depakote. (Tr. 389). When Depakote did not resolve her migraines, Plaintiff was given a Botox injection in April 2013. (Tr. 390-391, 406). According to Dr. Knubley, Botox was "about the first thing that has ever worked for her relatively well" and she was probably 50-percent better. (Tr. 401-402).

The ALJ concluded Plaintiff's migraines were not a severe impairment because her CT scans and MRI were normal, Dr. Marshall released Plaintiff to return to work in September 2011, and Plaintiff reported some benefit from medications. (Tr. 37-38). The ALJ also discounted Dr. Knubley's opinions because he stated Plaintiff's migraines improved 50-percent after her Botox injection. (Tr. 41).

The ALJ erred by concluding her migraines were not severe. *Gilbert v. Apfel*, 175 F.3d 602, 604-05 (8th Cir. 1999) (quoting Social Security Ruling 85–28). Although Plaintiff initially reported her symptoms improved after her concussion, treatment notes show her migraines persisted for several years despite escalating treatment. The non-examining consultants determined Plaintiff's migraines were a severe impairment, and Dr. Knubley, her treating neurologist, opined Plaintiff's migraines affected her ability to work. (Tr. 98, 115, 359, 387). This was sufficient evidence for Plaintiff to meet her minimal burden at step two, and the ALJ should have continued to the sequential analysis. *See Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001).

## IV.   Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be reversed and remanded. **The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Dated** this **5th day of October, 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE